NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS HERNANDEZ-LOPEZ, | No. 20-72543 |
| Petitioner, | Agency No. A202-083-357 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2021[**]
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,[***] International Trade Judge.

Jose Hernandez-Lopez, a citizen of El Salvador, petitions for review of a

Board of Immigration Appeals (BIA) decision dismissing an appeal from the order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Hernandez-Lopez contends that he was the victim of persecution in El Salvador by members of the "FMLN" political party who were angered by his membership in the opposing "ARENA" party, and says that he fears persecution or torture if returned to that country. The IJ found Hernandez-Lopez not credible based on (1) significant inconsistencies in his testimony, as well as between his testimony and his declaration and (2) his inability to explain those inconsistencies.

The BIA relied upon the IJ's decision, so this Court looks to the IJ's decision as the underlying support for the BIA's ruling. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014).

Because Hernandez-Lopez filed his asylum application after May 11, 2005, 8 U.S.C. § 1158 applies. That statute places the burden of proof on the applicant to establish eligibility for asylum, and while it provides that the applicant's testimony "may be sufficient to sustain [his] burden without corroboration," the petitioner must convince the trier of fact that the testimony is credible and persuasive. *Id.* § 1158(b)(1)(B)(i)–(ii). "There is no presumption of credibility," and the statute directs the trier of fact to consider "the totality of the circumstances" in determining credibility. *Id.* § 1158(b)(1)(B)(iii).

This Court may not overturn the agency's adverse credibility finding unless the evidence would *compel* a reasonable adjudicator to find to the contrary. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). Here, the IJ expressly discussed the inconsistencies in Hernandez-Lopez's testimony as well as how that testimony conflicted with his previous declaration and with the documentary evidence he offered to corroborate his account. Significantly, the IJ emphasized that his finding was not based solely on Hernandez-Lopez's lack of clarity as to specific dates. Rather, the IJ noted that Hernandez-Lopez could not testify consistently as to whether his problems began prior to his joining the ARENA party or whether they began only after the FMLN learned of his ARENA affiliation, "which is central to his asylum claim," and he noted that Hernandez-Lopez was inconsistent about the overall order in which critical incidents occurred.

While Hernandez-Lopez argues that the gaps in his testimony were "entirely plausible" and offers explanations for them, the issue for this Court is whether the administrative record would *compel* a trier of fact to find to the contrary, *see Rizk*, 629 F.3d at 1087. Hernandez-Lopez has not made such a showing—instead, he asks us to re-weigh the evidence, which we may not do. Accordingly, we cannot upset the adverse credibility determination, and in the absence of Hernandez-Lopez's rejected testimony, the record does not compel the conclusion that he is entitled to asylum or withholding. And, as this Court has noted, "when a petitioner's claims

3

under the [CAT] are based on the same statements that the BIA determined to be not credible in the asylum context, the agency may rely upon the same credibility determination in denying both the asylum and [CAT] claims." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (cleaned up) (citing *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003)).

**PETITION DENIED.**